IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSEPH and TONI PINASCO, individually;
and ESTATE OF JOSEPH PINASCO, JR.,
by and through Joseph and Toni Pinasco as
beneficiaries of the Estate and successors in
interest,

              Plaintiffs,

       vs.

STATE OF CALIFORNIA; CALIFORNIA
HIGHWAY PATROL; M. WALLING;
and S. COFFMAN,

           Defendants.

_____/

No. CIV S 09-0777 KJM CKD

**FINAL JURY INSTRUCTIONS**

DATED:  January 25, 2012.

_____

UNITED STATES DISTRICT JUDGE

Final Instruction 1:

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. You, and you alone, are the judges of the facts. You must decide what the facts are and then apply those facts to the law which I will give to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

Final Instruction 2:

2

    You are the sole judges of evidence in this case and it is up to you to evaluate the witnesses
and other evidence.  You are due to perform this duty without bias, sympathy, prejudice, or what you
think the public opinion might be.  You must impartially consider all the evidence in the case,
following the law as stated in these instructions.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Final Instruction 3:

You should not necessarily decide any issue of fact in favor of the side that brought more witnesses or evidence at trial.

The test is which evidence convinces you because it is most believable.

In deciding contested issues you should keep in mind who has the burden of proof on that issue.

Final Instruction 4:

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received into evidence.  In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and non-testimonial statements by counsel for either party are not evidence. Counsels for the parties are not witnesses.  What they have said in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way they have stated them, your memory of them controls.

(2) Questions and objections by counsel for either party are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I instruct you that an item of evidence will be or had been admitted to a limited purpose, you must consider it only for that limited purpose and for no other.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Final Instruction 5:

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1.  Was the witness able to see, hear or know the things about which the witness testified?

2.  How good is the witness's memory and is the witness able to testify clearly?

3.  Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4.  Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5.  How reasonable was the witness's testimony when you consider it in the light of all the other evidence in the case?

6.  Was the witness's testimony contradicted by what that witness said or did at another time, or by the testimony of other believable witnesses or evidence?

7.  Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused.

Also remember that the weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Final Instruction 6:

From time to time during trial, it became necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Final Instruction 7:

     Unless stated otherwise, the party having the burden of proof on an issue must prove it by a "preponderance of the evidence."

     Proof by a preponderance of the evidence means the evidence is more convincing and more probably true than not.   If the evidence as to any issue is evenly balanced, your finding upon that issue must be against the party who had the burden of proving it.

     In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence having to do with that issue regardless of who produced it.

Final Instruction 8:

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Final Instruction 9:

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Final Instruction 10:

You have listened to several tape recording that have been received in evidence.  You also will have transcripts of the recordings to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recordings are the primary evidence, not the transcripts. If you heard something different from what appeared in the transcripts, what you heard is controlling.

Final Instruction 11:

      Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

      Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reason given for the opinion, and all the other evidence in the case.

Final Instruction 12:

The law allows opinion witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to an opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

Final Instruction 13:

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Final Instruction 14:

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Final Instruction 15:

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence

Final Instruction 16:

This action is brought by private citizens against California Highway Patrol officers, the State of California and the California Highway Patrol. This case should be considered and decided by you as an action between persons and entities of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons and entities stand equal before the law and are to be dealt with as equals in a court of justice.

Final Instruction 17:

The plaintiffs, Joseph and Toni Pinasco, individually, and Estate of Joseph Pinasco, Jr., by and through Joseph and Toni Pinasco as beneficiaries of the Estate and successors in interest, claim that their 21 year old son, Joseph Pinasco, Jr., was unlawfully shot and killed by defendants Steven Coffman and Michael Walling, officers of the California Highway Patrol.  Plaintiffs seek damages for the death of their son based on alleged violations of his and their civil rights, the California wrongful death statute, battery, and California Civil Code section 52.1 known as the Bane Act.  Unless otherwise stated, plaintiffs have the burden of proof to prove their claims by a preponderance of the evidence.

The defendants, State of California, California Highway Patrol, Michael Walling and Stephen Coffman, deny those claims, and also assert affirmative defenses, namely that they acted with justification and in self-defense.  The defendants have the burden of proof to prove their affirmative defenses by a preponderance of the evidence.

I will explain to you the elements which the plaintiffs have to prove as to each of their claims and the elements which the defendants have to prove as to each of their defenses.

1

Final Instruction 18:

2

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Final Instruction 19:

The plaintiffs bring certain claims against the individual officers under a federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives or deprive another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

The plaintiffs claim that the shooting of their son by the defendant officers constituted an unreasonable seizure in violation of the Fourth Amendment and that it deprived them of their liberty to enjoy their son's society in violation of the Fourteenth Amendment.  I will now explain the elements of each of these claims.

Final Instruction 20:

In order to prevail on each of their § 1983 claims against the defendants Stephen Coffman and Michael Walling, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

   1.    that the defendants acted under color of law; and

   2.    that the acts of the defendants deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of the law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendant officers acted under the color of law.

If you find the plaintiffs have proved each of these elements and if you find that the plaintiffs have proved all the elements they are required to prove under the instructions I will later give you, your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

Final Instruction 21:

On behalf of the Estate of Joseph Pinasco, Jr., Plaintiffs Joseph and Toni Pinasco allege that the individual officer defendants deprived their son of his rights under the Fourth Amendment to the Constitution through an unlawful seizure when they shot him. Instructions 21 through 26 apply to this claim.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove that an individual officer defendant deprived Joseph Pinasco, Jr. of this Fourth Amendment right, the plaintiffs must prove the following additional elements by a preponderance of the evidence:

      1.     that the officer seized Joseph Pinasco, Jr.;

      2.     that in seizing Joseph Pinasco, Jr. the officer acted intentionally; and

      3.     the seizure was unreasonable.

Here I instruct you that each defendant officer seized Joseph Pinasco, Jr. and that in so doing, he acted intentionally. You must determine whether the seizure was unreasonable based on the further instructions which I will give you.

Final Instruction 22:

 In general, a seizure of a person is unreasonable under the Fourth Amendment if a law enforcement officer uses excessive force in making a lawful arrest or in defending himself or others. Thus, in order to prove an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that the officers used excessive force when they shot Joseph Pinasco, Jr.

 Under the Fourth Amendment, a law enforcement officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

 In determining whether an officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

  1. The severity of the crime or other circumstances to which the officer was responding;

  2. Whether the plaintiff posed an immediate threat to the safety of the officer or others;

  3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

  4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

  5. The type and amount of force used;

  6. The availability of alternative methods to detain the decedent or avoid the threat of harm to an officer; and

  7. The surrounding environment at the time of the shooting.

Final Instruction 23:

An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

Final Instruction 24:

A law enforcement officer may not seize an unarmed, non-dangerous suspect by shooting him dead. Where the suspect poses no immediate threat to the officer or to others, the harm resulting from failing to apprehend him does not justify the use of deadly force.

However, where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force.

Final Instruction 25:

A desire to quickly resolve a potentially dangerous situation is not the type of governmental interest that, standing alone, justifies the use of force that may cause serious injury or death.  There must be other significant circumstances that warrant the use of such a degree of force at the time it is used. A simple statement by an officer that he fears for his safety or his life is not enough to justify the use of deadly force.

Final Instruction 26:

You may consider whether Michael Walling and Stephen Coffman had alternative courses of action available to them other than the use of deadly force. A reasonable use of deadly force encompasses a range of conduct, and the availability of a less-intrusive alternative will not render conduct unreasonable. There is no hard rule for what constitutes reasonableness; rather, you are to decide whether, given all the evidence presented, the use of deadly force by Michael Walling and Stephen Coffman was objectively reasonable. In determining the reasonableness of the manner in which a seizure is effected, you must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.

Final Instruction 27:

Plaintiffs Joseph and Toni Pinasco also bring a civil rights claim against the individual officer defendants on their own behalf.  They claim a violation of the Fourteenth Amendment to the United States Constitution under the federal statute, 42 U.S.C. § 1983, which, as I told you earlier, provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. Instructions 27 and 28 address this claim.

The Fourteenth Amendment to the United States Constitution provides in relevant part that: "no state shall . . . deprive any person of life, liberty or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws."  A parent has a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child.

Joseph and Toni Pinasco claim that their liberty interest in the companionship and society of their son Joseph Pinasco, Jr. was violated by the defendants, and that this violation was without due process of law.

Final Instruction 28:

The determination of whether the defendants are liable under the Fourteenth Amendment involves a determination of whether the conduct of the defendant officers "shocks the conscience."

The determination of whether police conduct shocks the conscience turns on whether the defendant officers acted with a purpose to harm for reasons unrelated to legitimate law enforcement objectives.

<u>Final Instruction 29</u>:

Plaintiffs Joseph and Toni Pinasco also bring a claim against all defendants on their own behalf, for the death of their son, Joseph Pinasco, Jr., claiming a violation of the California wrongful death statute. This statute provides for compensation to the survivors when the death of a person is caused by the wrongful act or negligence of another.  Instructions 29 through 32 address this claim.

Plaintiffs claim that defendants  wrongfully killed their son, Joseph Pinasco, Jr. depriving them of his love, care, comfort, society and support.

To establish this claim, Joseph and Toni Pinasco must prove all of the following:

1.     That the defendant officers' shooting constituted a negligent or other wrongful act;

2.     That Joseph and Toni Pinasco were harmed; and

3.     That defendant officers' negligence or other wrongful act was a substantial factor in causing Joseph and Toni Pinasco's harm.

For this wrongful death claim, a public entity is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

Plaintiffs Joseph and Toni Pinasco claim that defendants California Highway Patrol are liable for the wrongful death claim because defendants Coffman and Walling were acting as their employees when the incident occurred.  If you find that defendants Coffman and Walling are liable on the wrongful death claim, then I instruct you that the defendants California Highway Patrol and the State of California are also responsible for the harm caused. Accordingly, you will not be asked to determine the liability of California and the California Highway Patrol separately from the defendant officers.

Final Jury Instructions

Final Instruction 30:

To prove negligence to the extent called for by the third element of the wrongful death claim, plaintiffs Joseph and Toni Pinasco must prove all of the following:

1.  That defendants Michael Walling and/or Steven Coffman were negligent;

2.  That plaintiffs and their son Joseph Pinasco, Jr. were harmed; and

3.  That the negligence of defendants Walling and/or Coffman was a substantial factor in causing harm to plaintiffs and Joseph Pinasco, Jr.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful law enforcement officer would have acted in the situation faced by Joseph Pinasco, Jr., Michael Walling and Stephen Coffman on August 24, 2008.

Final Jury Instructions

Final Instruction 31:

A person's negligence may combine with another factor to cause harm.  If you find that defendants' negligence was a substantial factor in causing plaintiffs Joseph and Toni Pinasco's harm, then defendants are responsible for the harm. Defendants cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Joseph and Toni Pinasco's harm.

Final Instruction 32:

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Final Instruction 33:

On behalf of the Estate of decedent Joseph Pinasco, Jr., Plaintiffs Joseph and Toni Pinasco claim that defendants Michael Walling and Stephen Coffman committed battery against Joseph Pinasco, Jr. This is the only instruction addressing this claim. To establish this claim as to a defendant, decedent Joseph Pinasco, Jr., must prove all of the following as to that defendant:

1.     The defendant intentionally touched decedent Joseph Pinasco, Jr.;

2.     The defendant used unreasonable force to overcome the resistence of decedent Joseph Pinasco, Jr.;

3.     That decedent Joseph Pinasco, Jr., did not consent to the use of that force;

4.     That decedent Joseph Pinasco, Jr. was harmed; and

5.     That the defendant's use of unreasonable force was a substantial factor in causing decedent Joseph Pinasco, Jr.'s harm.

A California Highway Patrol officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime.  Even if the California Highway Patrol officer is mistaken, a person being arrested or detained has a duty not to use force to resist the California Highway Patrol officer unless the California Highway Patrol officer is using unreasonable force.

In deciding whether a defendant officer used unreasonable force, you must determine the amount of force that would have appeared reasonable to a California Highway Patrol officer who was in that officer's position under the same or similar circumstances. You should consider, among other factors, the following:

(a)     The seriousness of the crime at issue;

(b)     Whether Joseph Pinasco, Jr. reasonably appeared to pose an immediate threat to the safety of the officer or others; and

(c)     Whether Joseph Pinasco, Jr., was actively resisting arrest or attempting to evade arrest. A California Highway Patrol officer who makes or attempts to make an arrest is not required to retreat or cease from his efforts because of the resistance or threatened resistance of the person being arrested.

For this battery claim, a public entity is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

On behalf of the Estate of Joseph Pinasco, Jr., Plaintiffs Joseph and Toni Pinasco claim that defendants California Highway Patrol are liable for the battery claim because defendants Coffman and Walling were acting as their employees when the incident occurred.  If you find that defendants Coffman and Walling are liable on the battery claim, then I instruct you that the defendants California Highway Patrol and the State of California are also responsible for the harm caused. Accordingly, you will not be asked to determine the liability of California and the California Highway Patrol separately from the defendant officers.

Final Jury Instructions

Final Instruction 34:

On behalf of the Estate of Joseph Pinasco, Jr., Plaintiffs Joseph and Toni Pinasco claim that Michael Walling and Stephen Coffman intentionally interfered with the civil rights of decedent Joseph Pinasco, Jr., by threatening or committing violent acts in violation of a California law known as the Bane Act. This is the only instruction addressing this claim. To establish this claim, plaintiff must prove all of the following, as to an officer:

1.   That the officer unlawfully interfered with decedent Joseph Pinasco, Jr.'s right not to be deprived of life without due process of law by threatening or committing violent acts;

2.   That decedent Joseph Pinasco, Jr., reasonably believed that if he exercised his right not to be deprived of life without due process of law the officer would commit violence against him;

3.   That the officer injured decedent Joseph Pinasco, Jr., to prevent him from exercising his right;

4.   That decedent Joseph Pinasco, Jr., was harmed; and

5.   That the officer's conduct was a substantial factor in causing decedent Joseph Pinasco, Jr., harm.

For this Bane Act claim, a public entity is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

On behalf of the Estate of Joseph Pinasco, Jr., Plaintiffs Joseph and Toni Pinasco claim that defendants California Highway Patrol are liable for the Bane Act claim because defendants Coffman and Walling were acting as their employees when the incident occurred. If you find that defendants Coffman and Walling are liable on the Bane Act claim, then I instruct you that the defendants California Highway Patrol and the State of California are also responsible for the harm caused. Accordingly, you will not be asked to determine the liability of California and the California Highway Patrol separately from the defendant officers.

Final Instruction 35:

In response to all of plaintiffs' claims, Michael Walling and Stephen Coffman claim that they are not responsible for decedent Joseph Pinasco, Jr.'s harm because they were acting in defense of Stephen Coffman. To succeed on this affirmative defense, an individual officer defendant must prove both of the following:

1.   That the officer reasonably believed that Joseph Pinasco, Jr., was going to harm Stephen Coffman; and

2.   That the officer used only the amount of force that was reasonably necessary to protect themselves or the other.

Final Instruction 36:

Defendants Michael Walling and Stephen Coffman claim that the negligence of decedent Joseph Pinasco, Jr., also contributed to Joseph Pinasco's and Toni Pinasco's harm.  To succeed on this claim, Michael Walling and Stephen Coffman must prove both of the following:

1.     That decedent Joseph Pinasco, Jr. was negligent; and

2.     That the negligence of decedent Joseph Pinasco, Jr. was a substantial factor in causing Joseph Pinasco's and Toni Pinasco's harm.

If you find that the negligence of more than one person including Michael Walling, Stephen Coffman and Joseph Pinasco, Jr., was a substantial factor in causing Joseph Pinasco's and Toni Pinasco's harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent. You will make a separate finding of Joseph Pinasco's and Toni Pinasco's total damages, if any.  As will be explained further in later instructions, in determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

This defense applies only to the wrongful death claim. You should not consider Joseph Pinasco, Jr.'s comparative negligence in determining liability for the other claims.

Final Jury Instructions

1    Final Instruction 37:

2         A person is not necessarily negligent just because he or she used alcohol. However, people
     who drink alcohol must act just as carefully as those who do not.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>Final Instruction 38</u>:

2

It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

3

4

If you find for the plaintiffs on any of the plaintiffs' claims, you must determine the plaintiffs' damages. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

5

6

It is for you to determine what damages, if any, have been proved.

7

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Final Instruction 39:

If you find that plaintiffs have prevailed on their Fourth Amendment claim of unlawful seizure, all damages you may find are based on what the individual defendants may owe the Estate of Joseph Pinasco, Jr.

In determining damages owed to the Estate of Joseph Pinasco, Jr., you may consider the worth of his life according to his life expectancy, including his loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support of his family and friends for the span of his life. No fixed standard exists for deciding the amount of non-economic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of decedent's age, as well as that persons' health, habits, activities, lifestyle, and occupation. According to the National Vital Statistics Reports, the average life expectancy of a 21-22 year old male is 56.4 additional years. This published information is evidence of how long a person is likely to live but is not conclusive. Some people live longer and others die sooner.

Final Jury Instructions

Final Instruction 40:

If you find that plaintiffs Joseph and Toni Pinasco have prevailed on their Fourteenth Amendment claim of deprivation of familial companionship, remember that I instructed you that plaintiffs are bringing this claim on their own behalf. Therefore, all damages you may find are based on what the individual defendant officers may owe Joseph and Toni Pinasco. You must decide how much money in damages will reasonably compensate plaintiffs for the death of their son.

In determining damages owed to plaintiffs, you may consider the same elements you consider for the Fourth Amendment claim - that is, the worth of Joseph Pinasco, Jr.'s life to his parents, according to their life expectancy, including their loss of Joseph Pinasco, Jr.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support. No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

In computing the damages for this Fourteenth Amendment claim, you should consider the losses suffered by both plaintiffs and return a verdict of a single amount for both plaintiffs.

The average life expectancy of a 49-50 year old female is 33.6 additional years. The average life expectancy of a 49-50 year old male is 29.8 additional years. This published information is evidence of how long a person is likely to live but is not conclusive. Some people live longer and others die sooner.

Final Instruction 41:

If you decide that plaintiffs Joseph and Toni Pinasco have proved any or all of their other claims for wrongful death, battery or under the Bane Act against any defendant for the death of their son, you also must decide how much money will reasonably compensate them on those claims you find proven.

The damages claimed by the plaintiffs here fall into two categories, called economic damages and non-economic damages. You will be asked to state the two categories of damages separately on the verdict form.

The plaintiffs claim the following economic damages:

1.      Funeral and burial expenses.

Joseph and Toni Pinasco also claim the following non-economic damages: The loss of Joseph Pinasco, Jr.'s love, companionship, comfort, care, assistance, protection, affection, society, and moral support. No fixed standard exists for deciding the amount, which you should determine based on the evidence and your common sense.

In determining Joseph and Toni Pinasco's loss for purposes of determining their non-economic damages, do not consider:

1.      Plaintiffs' grief, sorrow, or mental anguish; or

2.      Joseph Pinasco, Jr.'s pain and suffering.

You may consider the life expectancy information contained in prior instructions 39 and 40.

1    Final Instruction 42:

2        In computing damages, if any, for all of the claims, consider the losses suffered by Joseph and
Toni Pinasco jointly and Joseph Pinasco, Jr. individually. Return a verdict of a single amount, if any,

3    for Joseph and Toni Pinasco and a single amount, if any, for Joseph Pinasco, Jr.

Final Instruction 43:

If you find for the plaintiffs on the Fourth Amendment claim for unreasonable seizure, the Fourteenth Amendment claims for unlawful deprivation of familial companionship, Bane Act claim or battery claim, you may, but are not required to, award punitive damages against the individual defendants. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

For the Fourth Amendment and Fourteenth Amendment claims, the plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so the amount of any such damages. Proof by a preponderance of the evidence means the evidence is more convincing and more probably true than not.

For the battery and Bane Act claims, the plaintiffs have the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so the amount of any such damages. When a party has the burden of proving a claim by clear and convincing evidence, it means that you must be persuaded that the claim is highly probable.

You may award punitive damages only if you find that the individual defendants' conduct that harmed the plaintiffs was malicious, oppressive or in reckless disregard of the plaintiffs' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune of another person.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendants' conduct.

Punitive damages may not be awarded against defendants California Highway Patrol and the State of California. You may impose punitive damages against one or more of the individual defendants, and may award different amounts against different individual defendants.

Punitive damages may not be awarded for the wrongful death claim.

1   Final Instruction 44:

2          You shall award damages in an amount that fully compensates plaintiffs for damages in

3   accordance with instructions from the court. You shall not speculate or consider any other possible
    sources of benefit the plaintiffs may have received. After you have returned your verdict the court will
4   make whatever adjustments are necessary in this regard.

Final Jury Instructions

Final Instruction 45:

        For the Fourth Amendment and Fourteenth Amendment Claims, the law authorizes an award of nominal damages. If you find for the plaintiffs on these claims but you find that the plaintiffs have failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Final Instruction 46:

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Final Jury Instructions

Final Instruction 47:

        If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Final Instruction 48:

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.