1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH and TONI PINASCO, individually;
      and ESTATE OF JOSEPH PINASCO, JR.,
11   by and through Joseph and Toni Pinasco as
     beneficiaries of the estate and successors in
12   interest,
                         Plaintiffs,                    No. CIV S-09-0777 KJM CKD
13
             vs.
14
     STATE OF CALIFORNIA; CALIFORNIA                    ORDER AND JUDGMENT
15   HIGHWAY PATROL; M. WALLING;
     and S. COFFMAN,
16
                         Defendants.
17   _____/

18            On January 31, 2012, the jury returned a verdict in plaintiffs' favor. (ECF 103.)

19   On February 13, 2012, defendants moved to have this court enter a judgment reducing the jury's

20   award based on principles of comparative fault under California law. (ECF 109.) Plaintiffs, in

21   turn, requested this court enter judgment without regard to comparative fault. (ECF 110.) Each

22   party opposed the other's interpretation of the verdict form. (*See* ECF 111, 113.) The court heard

23   argument on March 23, 2012. Arnold Wolf appeared for plaintiffs; Peter Meshot and Alberto

24   Gonzalez appeared for defendants.

25   /////

26   /////

                                               1

I.      <u>VERDICT FORM</u>

"A general verdict commonly appears as a single statement in the following form: 'We, the jury in the above-entitled action find for the plaintiff and against the defendant in the amount of $_____ dollars.'" *Floyd v. Laws*, 929 F.2d 1390, 1395 (9th Cir. 1991) (citing 1 Fed. Proc. Forms § 1:1594 (1975)). Because general verdicts can be cryptic and obscure the jury's reasoning, courts may provide accompanying interrogatories intended to guide the court in fashioning an appropriate judgment. *Id.* Federal Rule of Civil Procedure ("Rule") 49(a) governs special verdicts, which "consist[] of a list of interrogatories that calls for findings of fact." *Id.* The court then applies the law to facts as found by the jury. Rule 49(b), by contrast, applies to general verdicts that are accompanied by special interrogatories. *See id.* The court noted in *Floyd* that, "[a]s a practical matter, it seems that the form of a general verdict with interrogatories is virtually indistinguishable from that of a special verdict." *Id.* Here, the jury answered several factual questions, including the amount of economic and non-economic damages and the specific percentage fault allocated to each party. Given the special nature of the verdict, then, the court must enter judgment separately. *See* FED. R. CIV. P. 58(b)(2).

Five claims were submitted to the jury, each revolving around the defendant officers' shooting of Joseph Pinasco, Jr.: (1) Unreasonable Seizure in violation of the Fourth Amendment, (2) Deprivation of a liberty interest without due process of law in violation of the Fourteenth Amendment, (3) Battery by a police officer, (4) Wrongful Death and (5) Violation of California's Bane Act. The jury found the defendants had committed a battery but did not award damages to the estate of Joseph Pinasco, Jr. on that claim. The jury also found the defendants were liable for the wrongful death of Joseph Pinasco, Jr. and awarded damages to decedents' parents on that claim.

The parties disagree over how the verdict is to be read; specifically, the wrongful death claim allows liability for either negligence or "other wrongful act," the latter of which may include an intentional tort. The wrongful death instructions, on their face, do not provide a

mechanism to distinguish whether the jury based their award on either the intentional tort of battery or the negligence of the police officers. This disjunctive is important because liability based on an intentional tort is not offset by other parties' negligence. *See Thomas v. Duggins Const. Co., Inc.*, 139 Cal. App. 4th 1105, 1112-13 (2006). The jury instructions offered for the wrongful death claim contained multiple instructions addressing negligence. (ECF 94 at 30.) None of those instructions address what other "wrongful act" could support a finding of liability under the wrongful death statute. (*Id.* at 30-33.) However, the language of both the statute and the instruction make clear that a violation of the wrongful death statute may rest on either a negligent act or an intentional act. *See* CAL. CODE CIV. PROC. § 377.60.

While there may be some ambiguity in the instructions, the time to object based on such ambiguity has long passed. *See* Fed. R. Civ. P. 51(c)(2)(A); *Ayuyu v. Tagabuel*, 284 F.3d 1023, 1026 (9th Cir. 2002). Objections to the form of the jury instructions or verdict are waived if no objection is raised until the verdict is rendered and the jury discharged. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir. 2001). Here, defendants did not object to the wrongful death liability instruction as given. Plaintiffs did note the potential for wrongful death liability based on an intentional tort in their objections to defendants' proposed jury instructions. (*See* ECF 66 at 2.)

"'[A] court has a duty under the seventh amendment to harmonize' a jury's 'seemingly inconsistent answers' if a fair reading allows for it." *White v. Ford Motor Co.*, 312 F.3d 998, 1005 (9th Cir. 2002) (quoting *Floyd*, 929 F.2d at 1396). "In an inconsistent verdict case, a court asks, not whether the verdict necessarily makes sense under any reading, but whether it can be read in light of the evidence to make sense." *Id.*

The instructions associated with the wrongful death claim focus on negligence, but also refer to other wrongful acts. The jury determined that defendants Walling and Coffman crossed the threshold from mere negligence to the intentional tort of battery. Were the jury to have found liability only on the wrongful death claim and no other, a reasonable inference would

1  be that the jury based that decision on negligence. However, here, it would be inconsistent to

2  infer the jury based its finding of liability for wrongful death on mere negligence when they had

3  already determined that defendants had committed some "other wrongful act." A fair reading of

4  the verdict is that the jury based its wrongful death determination on the officers' wrongful acts.

5  Accordingly, principles of comparative fault are inapplicable.

6        Plaintiffs ask that judgment be entered in the amount of one million six thousand

7  dollars against Officer Coffman, one million six thousand dollars against Officer Walling, and an

8  aggregate two million twelve thousand dollars against the state of California and the California

9  Highway Patrol. (*See* ECF 110 at 2.) At the hearing, defendants conceded this is also how they

10  interpret the damages award on the verdict form, if comparative fault is not applied.

11  II.    JUDGMENT

12        Based on the foregoing, it is SO ORDERED AND ADJUDGED, that judgment be

13  entered in favor of plaintiffs against defendants Michael Walling and Stephen Coffman, each in

14  the amount of one million six thousand dollars ($1,006,000.00). California Highway Patrol and

15  the State of California are jointly and severally liable for the separate judgments against Michael

16  Walling and Stephen Coffman, for a total of two million twelve thousand dollars

17  ($2,012,000.00).

18  DATED:  May 19, 2012.

19

20                                        _____
                                          UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

4