IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH and TONI PINASCO, individually; and ESTATE OF JOSEPH PINASCO, JR., by and through Joseph and Toni Pinasco as beneficiaries of the estate and successors in interest,<br>            Plaintiff,<br><br>    vs.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL; M. WALLING; and S. COFFMAN,<br><br>            Defendant.<br>_____/ | No. CIV S 09-0777 KJM CKD<br><br><br><br><br><br>BILL OF COSTS ORDER |

Upon prevailing at trial on two claims, of battery and wrongful death, plaintiffs filed a bill of costs in the amount of $84,218.04, pursuant to 28 U.S.C. § 1920. (ECF 108.) Defendants object to three different costs and request revisions accordingly. (ECF 113.) The court sustains in part and overrules in part the defense objections.

I.    LEGAL STANDARD

"Unless . . . a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." FED. R. CIV. P. 54(d). Under Rule 54, the district court generally has discretion to determine what constitutes a taxable cost within the meaning of 28 U.S.C. § 1920. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997);

1

*Alflex Corp. v. Underwriters' Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990).  However, "the discretion granted by Rule 54(d) is not a power to evade [the Rule's] specific congressional command.  Rather, it is solely a power to decline to tax, as costs, the items enumerated in [28 U.S.C.] § 1920*." Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).

II.   ANALYSIS

    A.   Witness Fees

Defendants object to witness fees for Bennet Omalu, M.D. ($5,000 for trial attendance and $750 for deposition), Thomas Shelton ($500), Jared Zwickey ($600) and Craig Fries ($562.50). (ECF 113 at 2.)  Defendants assert such costs are expert witness fees and exceed the permitted $40 per diem. *Id.*

"Additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in the federal courts." *Henkel v. Chicago, St. P., M. & O. Ry. Co.*, 284 U.S. 444, 446 (1932).  "Absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co.*, 482 U.S. at 445.  Because there is no independent authorization in this case, where plaintiffs did not proceed or prevail on a claim under 42 U.S.C. § 1981, the court is bound to restrict taxed witness costs to "an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b); *Quesnoy v. Oregon*, No. 3:10–cv–01538–ST, 2012 WL 1155832, at *10 (D. Or. Apr. 6, 2012).  Consequently, witness costs are adjusted as follows:

    Dr. Bennett Omalu (trial): $40

    Dr. Bennett Omalu (deposition): $40

    Thomas K. Shelton (deposition): $40

    Jared Zwickey (deposition): $40

    Craig Fries (deposition): $40

The adjusted witness fees total $683.80.

B.  Fees For Transcripts

Defendants object to the costs of deposition transcripts for Robert Snook, Kelly Cardoza, Steve Day, and Pin Kyo, alleging the depositions were merely investigatory and not reasonably necessary to plaintiff's case. (ECF 113 at 2.)

The court may tax "fees for printed or electronically recorded transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "The power to tax the expense of copies of deposition is implicit in 28 U.S.C. § 1920(2)." *Alflex Corp.*, 914 F.2d at 177. Nevertheless, § 1920(2) still requires the depositions be "necessarily obtained" for use in the case. However, deposition material does not need to "be introduced into the record [in order] to be an allowable cost." *See Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990); *see also* 6 Moore's Federal Practice ¶ 54.77[6], at 54-465 (2d ed. 1988) (a document "may be 'necessarily obtained for use in the case' though it is not offered in evidence at a hearing or trial . . .").

"Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party which may only be overcome by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs." *Russian River Watershed Protection Committee v. City of Santa Rosa*, 142 F.3d 1136, 1144 (9th Cir. 1998) (citations omitted). Defendant's objection to the costs of these four deposition transcripts does not identify any improprieties; it is overruled. Asserted costs of the witness's deposition transcripts will be taxed against defendants.

C.  Fees For Wobrock Animation

Defendants object to the $57,185 fee claimed for the animation created by Jessie Wobrock ("the Wobrock animation"). (ECF 113 at 2.) Defendants argue that the fees appear to be expert witness fees, which do not qualify as an exemplification under 28 U.S.C. § 1920. *Id.*

"Section 1920(4) speaks narrowly of 'fees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of

documents, not the intellectual effort involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989), *overruled in part on other grounds by Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990). Prevailing parties are not permitted to "shift their expert witness costs to plaintiffs under the guise of exemplification costs." *Id.* Here, the entirety of the $57,185 cost is itemized as either "retainer" or "fees for preparation" of the animation. (*See* ECF 108 at 8.) Retainers and fees are the very "intellectual efforts" the *Romero* court found to be outside the scope of exemplification costs permitted by 28 U.S.C. § 1920. The court sustains defendant's objection and denies plaintiff's retainer and fee costs for the creation of the Wobrock animation. Defendants' request that plaintiffs submit an affidavit with attached exhibits detailing fees claimed for the Wobrock animation is thus moot.

Without the fees claimed for the Wobrock animation's creation, the adjusted fees for exemplifications and the costs of making copies total $3,281.37.

In sum, defendants' objections to the witness fees and fees for Wobrock animation exhibition are sustained, and defendants' objection to fees for transcripts is overruled. Plaintiffs' Bill of Costs is adjusted accordingly to reflect a new total of $19,775.54.

IT IS SO ORDERED.

DATED: December 15, 2012.

UNITED STATES DISTRICT JUDGE